

**ORDERED in the Southern District of Florida on April 14, 2008.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
www.flsb.uscourts.gov

In re:                                                                CASE NO.  08-10694-BKC-AJC

**GREATER MIAMI NEIGHBORHOODS, INC.,**      (Jointly Administered with
***et al.,***[1]                                                      Case Nos. 08-10695 thru 08-10699, 08-10701,
                                                                      08-10702, 08-10704 and 08-10763)

          Debtors-in-Possession.

_____/      Chapter 11

**ORDER APPROVING SALE OF**
**DEBTORS' OFFICE BUILDING, FREE AND CLEAR OF  LIENS,**
**CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO CONTRACT**
**WITHOUT CONSIDERATION OF COMPETING OFFERS**

          THIS  CAUSE  came  before  the  Court  for  hearing  on  April  14,  2008  at  11:30 a.m.

**("Hearing")**, upon the *Debtors' Motion for Orders Approving Sale of Debtors' Office Building Free*

*and  Clear  of  Liens,  Claims,  Interests,  and  Encumbrances  Pursuant  to  Contract  Without*

---

[1] The last four digits of the taxpayer identification number for each of the Debtors follows in parenthesis: (i) Greater Miami Neighborhoods, Inc. **("GMN")**(4297); (ii) Cutler Glen, LLC **("Cutler Glen")** (8489); (iii) Cutler Manor, LLC **("Cutler Manor")** (8614); (iv) Cutler Meadows, LLC **("Cutler Meadows")** (8490); (v) Island Place Apartments, LLC **("Island Place")** (8815); (vi) Middletowne Project, Inc. **("Middletowne")** (9917); (vii) Carib Management, Inc.  **("Carib Management")** (0776); (viii) Carib Maintenance Corporation **("Carib Maintenance")** (2275); (ix) Carib Construction Corp. **("Carib Construction")** (0359); and (x) Oakwood Project, Inc. **("Oakwood")** (9914) **(collectively, "Debtors")**.

Case No. 08-10694-BKC-AJC
(Jointly Administered)

*Consideration of Competing Offers; or Alternatively, for Approval of Sale, Bidding Procedures, and Break-up Fee, If Deemed Necessary; and Shortening Notice* **("Sale Motion")** (C.P. 170/171). The Sale Motion arises out of a Purchase and Sale Contract **("Purchase Agreement")**, dated March 12, 2008, by and between GMN and Miami-Dade Neighborhood Housing Services, Inc. **("NHS")** for the sale of the Debtors' office building and adjacent vacant located at 300 and 318 NW 12th Avenue, Miami, Florida 33128, together with certain personal property and fixtures thereon **(collectively, "GMN Building")**.[2]

On March 31, 2008, the Court entered an Order **("Order Scheduling Hearing")** (C.P. 176) shortening notice of the Sale Motion, scheduling the Hearing, and setting April 10, 2008 as the deadline to file objections to the Sale Motion.

On April 8, 2008, Citibank, FSB **("Citibank")** filed an objection **("Citibank's Objection")** (C.P. 184) to the Sale Motion. Citibank does not object to the sale process, but objects only that the proposed sale provides no adequate protection or other provision to Citibank for its alleged perfected security interest in all of GMN's personal property and fixtures **("Personal Property")**. At the hearing, counsel for the Debtors and counsel for Citibank jointly announced that the Debtors and Citibank mutually resolved the issues concerning Citibank's alleged lien on the Personal Property. Pursuant to their agreement, (a) Citibank's lien, if the Court determines such lien to be

---

[2]    The legal description for the GMN Building is as follows:
LAWRENCE ESTATE LAND COS SUB PB 2-46 LOTS 18 & 19 LESS E7 .5FT BLK 50 LOT SIZE 100 X 143 OR 18489-1071 0299 1; AND LAWRENCE ESTATE LAND COS SUB PB 2-46 LOT 20 LESS E7 ½ FT BLK 50 LOT SIZE 50.00 X 143 OR 20381-0942 0402 1 COC 21621-4888 08 2003 1.

valid, shall attach to the proceeds of the sale of the GMN Building in an amount not to exceed $4,000.00; however, the Court is not making a determination as to the value of the Personal Property at this time, (b) the Debtors reserve the right to object to the validity, extent and value of Citibank's lien as well as the value of the Personal Property and the Debtors further reserve the right to abandon such Personal Property, and (c) the Debtors and Citibank shall endeavor to identify all other personal property and fixtures of GMN that may be the subject of Citibank's alleged lien.

At the hearing counsel for the Debtors and counsel for Housing Partnership Ventures, Inc. (**"HPV"**) jointly announced that the Debtors and HPV have mutually resolved the issues concerning HPV's alleged lien on the GMN Building.  Pursuant to their agreement, (a) the Debtors will pay to HPV the sum of $75,000 from the sale proceeds of the GMN Building at Closing in full and final settlement of HPV's alleged lien on the GMN Building; (b) HPV will file appropriate UCC-3 financing statements or other documents necessary to terminate any and all liens, claims, or interests it may hold against the GMN Building; and (c) HPV agrees to waive only those claims that it may have, whether filed or not filed, against the Debtors and their estates with respect to the GMN Building, but retains all rights to assert **an unsecured claim for the amount that remains unpaid pursuant to the Promissory Note dated June 27, 2007 between HPV and GMN, and related loan documents, and** any other claims it may hold against the Debtors' estates, and Debtors reserve all rights to object to such claims, if any, filed by HPV against the Debtors' estates.  (**"HPV Settlement"**).

Case No. 08-10694-BKC-AJC
(Jointly Administered)

### Findings and Conclusions

The Court has (a) considered the Sale Motion, the terms of the Purchase Agreement, Citibank's Objection and the parties agreed resolution of Citibank's Objection, and the HPV Settlement; (b) heard argument of counsel at the Hearing, and (c) noted the record of these jointly administered cases.  The Court notes that neither Citibank nor any other party raised any objection to the sale process, including that the Debtors propose to sell the GMN Building to NHS without consideration of competing offers.  Based upon the reasons stated on the record, which are incorporated herein by reference, and taking into account all relevant factors concerning the current real estate market in South Florida, the Court makes the following findings and conclusions:

A.    The Court has jurisdiction over the sale of the GMN Building pursuant to 28 U.S.C. §§ 157 and 1334.

B.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The GMN Building constitutes property of the Debtors' estates.

D.    The Debtors have provided sufficient grounds for approval of the sale of the GMN Building without competing offers.

E.    The sale of the GMN Building is in the best interests of the Debtors' estates.

F.    Proper, timely, adequate and sufficient notice of the Sale Motion, Hearing, and deadline for objections to the Sale Motion, has been provided in accordance with the Bankruptcy Code, Bankruptcy Rules and Local Rules of this Court, as shortened by the Order Scheduling

Hearing, and a reasonable opportunity to object or to be heard regarding the sale process and manner in which the sale is to be conducted has been afforded to all interested persons and entities.

G.     The Debtors and NHS have acted in good faith; the terms and conditions of the Purchase Agreement are fair and reasonable; and the terms of the Purchase Agreement have been negotiated and agreed upon in good faith on the part of both the Debtors and NHS.

H.     NHS is an arm's length purchaser which is purchasing the GMN Building in good faith for fair value within the meaning of 11 U.S.C. § 363(m),  and, therefore, is entitled to all the protections set forth in 11 U.S.C. § 363(m).

I.     Any creditor or other party-in-interest that did not file or assert and serve, on or before 4:30 p.m. on April 10, 2008, a written objection to the Sale Motion is conclusively deemed to have waived any objection they may have to the Sale Motion or the sale of the GMN Building described in the Purchase Agreement attached as Exhibit "A" to the Sale Motion.

J.     The Court has considered the HPV Settlement announced at the Hearing.  It is well settled that the approval of a settlement is within the discretion of the Court.  *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); and  *In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986). The Court finds that the Debtors have exercised prudent business judgment in reaching the HPV Settlement, and the HPV Settlement is reasonable within the parameters established by the Eleventh Circuit Court of Appeals in *In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549 (11ᵗʰ Cir. 1990) cert. denied 111 S. Ct. 387, 498 U.S. 959; and as set forth in *In re Heldor Indus., Inc.,* 131 B.R. 578 (Bkrtcy. D. N.J. 1991), and *In re Grant Broadcasting of*

*Philadelphia, Inc.*, 71 B.R. 390 (Bkrtcy. E.D. Pa. 1987); and (b) the Settlement is in the best interests of the creditors of the Debtors' estates.

K.     Notice of the HPV Settlement and the time to object as shortened by this Order is good and sufficient notice in accordance with the Bankruptcy Code, Bankruptcy Rules and Local Rules of this Court.

Therefore, based on the foregoing, the Court finds good cause to approve the HPV Settlement and the sale of the GMN Building to NHS as set forth herein. Accordingly, it is –

**ORDERED** as follows:

1.     The Sale Motion is GRANTED; the Purchase Agreement is APPROVED; and the Debtors are AUTHORIZED to sell the GMN Building pursuant to 11 U.S.C. § 363(b) and (f) consistent with the terms and provisions of this Order.

2.     Citibank's Objection is OVERRULED and RESOLVED in accordance with the parties' agreement referenced herein. To the extent Citibank and the Debtors do not reach further agreement with respect to the value of the Personal Property and validity of Citibank's lien, the Court shall conduct a hearing to determine such matters upon the request of either party. In no event, however, shall the Closing of the GMN Building be delayed, interrupted or stayed due to any lack of an agreement or ruling of this Court prior to the Closing. Absent an agreement of the parties or a ruling of the Court prior to Closing, the Debtors shall retain up to $4,000 from the sale proceeds pending further agreement or ruling of the Court.

Case No. 08-10694-BKC-AJC
(Jointly Administered)

3.    **Payment of Purchase Price:**   NHS shall pay the sum of $1,200,000 (**"Purchase Price"**) to GMN to purchase the GMN Building as follows:

a.    **Initial Deposits:**  Debtors acknowledged at the Hearing that they are in receipt of the total sum of $50,000 from NHS as non-refundable initial deposits toward the Purchase Price which is held in escrow by Debtors' counsel pursuant to the terms of the Purchase Agreement;

b.    **Remaining Balance:** NHS shall pay to Debtors the remaining balance in the amount of $1,150,000 of the Purchase Price at Closing.

4.    **Closing:**  Closing on the sale of the GMN Building shall be concluded on or before sixty (60) calendar days after the date of this Order.

5.    **Leasehold Rights:** Pursuant to the terms of the Purchase Agreement, NHS shall provide the Debtors with the option to retain (2) offices at the GMN Building after Closing, on a month-to-month basis, at a rental rate of $500 per month, for up to four (4) months; and Debtors are authorized to pay said rent to NHS without further Court Order.

6.    **Settlement with Housing Partnership Ventures, Inc.:**  The Debtors' settlement with HPV concerning its alleged lien against the GMN building is APPROVED.  The Debtor is authorized to pay the sum of $75,000 to HPV from the sale proceeds of the sale of the GMN Building at Closing in full and final settlement of HPV's alleged lien on the GMN Building.  Upon receipt of the $75,000, HPV shall file appropriate UCC-3 financing statements or other documents necessary to terminate any and all liens, claims, or interests it may hold against the GMN Building. Upon consummation of the HPV Settlement, any and all claims, that HPV may have, whether filed or not filed, against the Debtors and their estates solely with respect to the GMN Building shall be

Case No. 08-10694-BKC-AJC
(Jointly Administered)

deemed waived and disallowed in their entirety.  HPV retains all rights to assert **an unsecured claim for the amount that remains unpaid pursuant to the Promissory Note dated June 27, 2007 between HPV and GMN, and related loan documents, and** any other claims it may hold against the Debtors' estates, and Debtors reserve all rights to object to such claims if filed by HPV against the Debtors' estates.  Any interested party who objects to the approval of the HPV Settlement granted in this Order shall file a written objection with the Court and serve a copy of same on Debtors' counsel, JONATHAN C. VAIR, ESQ., Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Museum Tower, Suite 2200, 150 West Flagler Street. Miami, Florida 33130; and HPV's counsel, CORALI LOPEZ-CASTRO, ESQ., Kozyak, Tropin & Throckmorton, P.A., 2525 Ponce de Leon Blvd., 9th Floor, Coral Gables, FL 33134, **within ten (10) days from the date of this Order**.  Any objections that are timely filed and served shall be treated as motions for rehearing and shall be set for hearing.  If no objections are filed timely, the Order shall be final; and such negative notice is deemed good and sufficient notice of the HPV Settlement.

7.      **Free and Clear of Liens:** Except for payment to be made from the sale proceeds as provided herein and payment of all accrued and unpaid real estate taxes, the sale of the GMN Building is made free and clear of all liens, claims (as defined by 11 U.S.C. § 101(5)), encumbrances, and interests **(collectively, "Encumbrances")**, with all valid Encumbrances attaching to the proceeds of the sale, and all holders of Encumbrances are enjoined from asserting such claims against NHS.

Case No. 08-10694-BKC-AJC<br>
(Jointly Administered)

8.     **"As Is – Where Is:"**   The sale of the Debtors' right, title, and interest in and to the GMN Building is "AS IS–WHERE IS," with no express or implied warranties, guarantees, or representations of any kind whatsoever.

9.     **No Ruling on Exemption of Taxes:**   The Court makes no ruling concerning pre-confirmation exemption from the payment of documentary stamp taxes, pursuant to Section 1146(a) of the Bankruptcy Code. The Debtor, NHS, or the State of Florida, Department of Revenue may file a motion seeking a determination concerning the applicability of Section 1146(a) exemption to the sale prior to Closing, and the Court will rule thereon. Alternatively, the parties may elect to conduct the sale prior to obtaining such a ruling by agreeing either that (a) the documentary stamps will be paid upon the sale and refunded in the event the Court rules that the sale is exempt, or (b) that the amount necessary to pay the documentary stamps will be escrowed, and the Court will decide the exemption issue after the sale.

10.     **Controlling Provisions:**   To the extent there is any inconsistency between the provisions of this Order and the Purchase Agreement or the Sale Motion, the provisions of this Order shall control.

11.     **Execution of Sale Documents:**   The Debtors are authorized to execute any and all documents of any nature whatsoever to fully implement the provisions of this Order and to take such other and further actions as are necessary and required pursuant to the obligations imposed on the Debtors under the Purchase Agreement.

12.    **Sale Not Subject to Avoidance:**  The sale approved by this Order is not subject to avoidance pursuant to 11 U.S.C. § 363(n).

13.    **Waiver of Stay:**  Pursuant to the provisions of Rule 6004(g), Fed. R. Bankr. P., the Court waives the ten (10) day stay applicable to orders approving the sale of assets.  The parties may close the transactions for the sale of the GMN Building as approved by this Order forthwith.

14.    **Binding Provisions:**  The terms and provisions of this Order shall be binding upon the creditors of the Debtors' estates, any trustee appointed in these cases, and all other parties-in-interest and their respective successors and assigns.

15.    **Retention of Jurisdiction:**  The Court retains jurisdiction over this matter for the entry of such further orders as are necessary and appropriate, including, to enforce and interpret the terms of this Order and the Purchase Agreement and to resolve any dispute concerning the HPV Settlement, the sale of the GMN Building, or the rights and duties of the parties with respect to the sale of the GMN Building.

**###**

**Submitted by:**
JONATHAN C. VAIR, ESQ.
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:    (305) 789-3395

**Copy to:**
        Attorney Vair shall serve a conformed copy of this Order upon receipt of same on all parties in interest, and shall file a Certificate of Service with the Court.

G:\W-BANK\35709\0090\Drafts\O-Sale-GMN Building-FINAL-ECF.wpd